# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| TOWHEE A. SPARROW, JR., | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:16-CV-01394-CCB |
| CITY OF ANNAPOLIS (MD), et, al. | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM MARIO ALFREDO MIRELES RUIZ**

Plaintiff Towhee A. Sparrow, Jr., by his attorneys, H. Russell Smouse, Gregory R. Smouse, Roy L. Mason, Charles G. Bernstein, and the law offices of Smouse & Mason, LLC, and Daryl D. Jones, and the law offices of Henault & Sysko, Chartered, hereby opposes Defendants' Motion in Limine to Preclude Testimony from Mario Alfredo Mireles Ruiz, and states as follows.

## INTRODUCTION

In their Motion, Defendants seek to prevent Plaintiff from calling a material witness in this matter to assist the jury in their determination as to whether probable cause existed to arrest Mr. Sparrow or whether reasonable suspicion existed to detain Mr. Sparrow, whether legal justification existed to "imprison" Mr. Sparrow, and whether the officers' use of force was reasonable under the circumstances. These determinations are key elements of Plaintiff's claims in this matter and as such, contrary to Defendants' assertion, his testimony is relevant. In addition, this is a case of mistaken identity, and to preclude Plaintiff from calling Mr. Ruiz to support his theory of the case would severely prejudice the Plaintiff, without prejudice to the Defendants, who concede that Plaintiff was not the individual who committed first degree assault for whom the Defendants Officers were searching on the evening of June 5, 2014, and

who concede that Mr. Ruiz was the individual whom the police officers ultimately charged with first degree assault. Further, currently on the record is one small picture of Mr. Ruiz, which is of limited quality. The best evidence of Mr. Ruiz's appearance is his presence and testimony at trial. Contrary to the Defendants' argument that this will mislead and confuse the jury, his appearance and testimony at trial will aid the jury in their determinations of key elements of the Plaintiff's claims and aid the jury in fully understanding and appreciating that Plaintiff was in no way associated with any criminal activity that night. Thus, Defendants' request to preclude Plaintiff from calling Mr. Ruiz must be denied.

**ARGUMENT**

Defendants argue that the probative value of Mr. Ruiz's testimony is substantially outweighed by the prejudicial effect of such testimony on the Defendants. The Federal Rules of Evidence permit the exclusion of relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As outlined below, Mr. Ruiz's testimony is relevant, will aid the jury in their determinations of key elements of the Plaintiff's claims, and is not prejudicial to the Defendants. As such, Mr. Ruiz's testimony is more probative than prejudicial.

**a.     Mr. Ruiz's testimony is relevant to Plaintiff's unreasonable seizure, false imprisonment, and use of excessive use of force claims.**

The Federal Rules of Evidence state that only relevant evidence is admissible. Rule 401 defines relevant evidence as that which "has *any* tendency to make a fact more or less probable than it would be without the evidence; and…is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). Plaintiff will assert at trial claims of unreasonable seizure in violation of the Fourth Amendment and Articles 24 and 26 of the Maryland Declaration of Rights, use of excessive force in violation of the Fourth Amendment and Articles 24 and 26, and false imprisonment claims.

In deciding Mr. Sparrow's claims for unreasonable seizure, the jury will need to decide whether the officers had either probable cause or reasonable suspicion to believe that Mr. Sparrow committed assault in the first degree. *See Maryland v. Pringle*, 540 U.S. 366, 371 (2003); *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *United States v. Foster*, 634 F.3d 243, 246 (4th Cir. 2011). In addition, in deciding Mr. Sparrow's claim for false imprisonment, the jury will need to whether the Officer Reese had probable cause to believe that a felony was committed and that Mr. Sparrow perpetrated the offense. *Ashton v. Brown,* 660 A.2d 447, 472 (Md. 1995). Finally, in deciding Mr. Sparrow's claims for use of excessive force, the jury will consider the severity of the crime at issue. *See Graham v. Connor,* 490 U.S. 386, 742 (1989).

In each of these circumstances, the jury must take into account the considerable differences between Mr. Sparrow's physical appearance and vehicle and Mr. Ruiz's physical appearance and vehicle. The police radio transmissions indicated that the suspect was a tall Hispanic male wearing a black hoodie and jeans, riding a blue and white dirt bike. Plaintiff, in contrast, is a short African American male who was riding a yellow motorcycle and not wearing a black hoodie. There is no question about recognition, because Officer Reese activated his "take down" lights, which are a series of high intensity floodlights mounted on top of the police vehicle. With that degree of illumination, Mr. Sparrow and his bright yellow motorcycle would have been clearly recognizable. Mr. Ruiz's appearance at trial and testimony will be relevant, material and probative on the issue of whether the officers had either probable cause or reasonable suspicion to believe that Mr. Sparrow committed assault in the first degree and thus whether Plaintiff was unreasonably seized, falsely imprisoned, or whether excessive force was used against him in violation of his Constitutional and common law rights.

**b.** **Mr. Ruiz's testimony will aid the jury in their determinations of key elements of the Plaintiff's claims and will aid the jury in fully understanding and appreciating that Mr. Sparrow was in no way associated with any criminal activity that night.**

Defendants argue that Mr. Ruiz's appearance at trial and testimony will mislead the jury. To the contrary, Mr. Ruiz's testimony will assist the jury in their determinations of the above legal determinations. In addition, the jury should fully understand that Mr. Sparrow was not associated with any criminal activity. It is anticipated that Mr. Ruiz will testify concerning his address, the facts of the events that occurred on the evening of June 5, 2014 and that he had no contact with Mr. Sparrow that day. Thus, his testimony will aid the jury in fully understanding and appreciating that Mr. Sparrow was in no way associated with any criminal activity that night. Mr. Ruiz's testimony will aid the jury in understanding and appreciating that Mr. Sparrow truly was an innocent bystander who did absolutely nothing wrong that evening. Specifically, Mr. Sparrow's actions were entirely lawful in all ways and completely innocuous as he was merely working on his motorcycle at his father's house. Further, Mr. Ruiz's testimony will fully reinforce that Mr. Sparrow is not just innocent because he testifies that he is but because the actual perpetrator of the crime was apprehended. This will aid the jury and not prejudice the Defendants, who concede that Mr. Ruiz was the individual whom the police officers ultimately charged with first degree assault.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Honorable Court deny Defendants' untimely and improper Motion in Limine, and permit the Plaintiff to introduce testimony from Mario Alfredo Mireles Ruiz.

                                              Respectfully Submitted,

                                              SMOUSE & MASON, LLC

                                              _____/s/_____
                                              H. Russell Smouse (01637)

Gregory R. Smouse (24464)
Smouse & Mason, LLC
502 Washington Avenue, Suite 710
Towson, MD 21204
410-269-6620
410-991-4573 *facsimile*
grs@smouseandmason.com


_____/s/_____
Roy L. Mason (00922)
Smouse & Mason, LLC
502 Washington Avenue, Suite 710
Towson, MD 21204
410-269-6620
443-991-4573 *facsimile*
rlm@smouseandmason.com


_____/s/_____
Charles G. Bernstein (00710)
Smouse & Mason, LLC
502 Washington Avenue, Suite 710
Towson, MD 21204
410-269-6620
443-991-4573 *facsimile*

HENAULT & SYSKO, CHARTERED


\_\_\_\_/s/_____
Daryl D. Jones (24993)
Henault & Sysko, Chartered
306 Crain Highway North
Glen Burnie, MD 21061
410-768-9300
410-553-0498 *facsimile*
ddj@hsclaw.com

*Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 10th day of May, 2018, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion in Limine to Preclude Testimony from Mario Alfredo Mireles Ruiz was served electronically via e-filing through CM/ECF system to the following persons:

Gary M. Elson, Esq.
Assistant City Attorney
City of Annapolis Office of Law
160 Duke of Gloucester Street
Annapolis, Maryland 21401
gmelson@annapolis.gov

Kerry E. Berger, Esq.
Attorney
City of Annapolis Office of Law
160 Duke of Gloucester Street
Annapolis, Maryland 21401
keberger@annapolis.gov

                                                _____/s/_____
                                                Roy L. Mason (00922)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| TOWHEE A. SPARROW, JR., | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:16-CV-01394-CCB |
| CITY OF ANNAPOLIS (MD), et, al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

Upon consideration of the Defendants' Motion in Limine to Preclude Testimony from Mario Alfredo Mireles Ruiz, and Plaintiff's Opposition thereto, it is, by the U.S. District Court for the District of Maryland, this _____ day of _____, 2018,

ORDERED:

1. That Defendants' Motion in Limine be, and the same hereby is, DENIED; and

2. Plaintiff is able to call Mario Alfredo Mireles Ruiz to testify at trial.

                                                                                           Catherine C. Blake
                                                                                           United States District Judge